```
The Law Offices of Robert Nadalin
P.O. Box 124594
San Diego, CA  92112
(619) 234-8875

Robert G. Nadalin, Esq.
Cal. State Bar No. 222489
Attorney for Ms. Roshni Sundaram
```

FILED
2008 JUN 25  AM 8: 34
[CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA]
BY ____V.NH____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roshni Sundaram,<br><br>  Plaintiff,<br><br>v.<br><br>Michael Chertoff, Secretary,<br>  Department of Homeland Security,<br><br>Jonathan Scharfen, Acting Director,<br>  Citizenship and Immigration Services,<br><br>Gerard Heinauer, Director<br>  Nebraska Service Center<br>  Citizenship and Immigration Services,<br><br>Paul M. Pierre, District Director,<br>  San Diego District, Citizenship and<br>  Immigration Services,<br><br>Michael B. Mukasey,<br>  Attorney General of the United States,<br><br>Robert S. Mueller, III,<br>  Director, Federal Bureau of Investigation,<br><br>  Defendants. | Civil No. 08 CV 1131 DMS BLM<br><br>Agency No. A95 583 083<br><br>COMPLAINT FOR A WRIT<br>IN THE NATURE OF MANDAMUS |

Plaintiff, by her attorney, complaining of Defendants, alleges as follows:

1.) Plaintiff, Roshni Sundaram, is an individual and applicant for adjustment of status who currently resides in the city of San Diego, which is within the jurisdiction of this

Court. Plaintiff's claim to relief arises under 8 U.S.C. § 1255(a).

2.) Defendent Michael Chertoff is the Secretary of Homeland Security (DHS), Jonathan Scharfen is the Acting Director of United States Citizenship and Immigration Services (USCIS), Gerard Heinauer is the Director of the Nebraska Service Center of USCIS, Paul M. Pierre is the District Director of the San Diego District of USCIS, Michael B. Mukasey is the Attorney General of the United States, and Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation. All defendants are sued in their professional capacities.

3.) The Court has jurisdiction of this action pursuant to 8 U.S.C. § 1255(a), 8 U.S.C. § 1361, 28 U.S.C. § 1331, 28 U.S.C. § 1651, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq., and relief is requested pursuant to these statutes.

4.) On June 4, 2002, Plaintiff applied for adjustment of status under 8 U.S.C. § 1255(a) with the USCIS Nebraska Service Center in Lincoln, Nebraska. The internal identifiers assigned to her case are: Roshni Sundaram, A#095-583-083, LIN-02-214-54210.

5.) Her husband, Naveen Dakappagari, filed an adjustment of status application concurrently with his spouse at the same time. His case is referenced by: A#095-565-926, LIN-02-214-54149. His adjustment application was approved on April 28, 2004 based on the I-140 petition approved on his behalf on May 2, 2002, which is referenced by LIN-02-098-52311.

5.) Plaintiff's biometrics, including a photo and fingerprints, were taken at the USCIS application support centers on December 19, 2002, on February 13, 2003 and most recently on August 8, 2006.

6.) Numerous inquiries regarding Ms. Sundaram's pending case have been submitted to

USCIS. The USCIS has responded to the inquires, and each response instructs the applicant to wait an additional 6 months before contacting USCIS again about the case. At this point in time, more than 12 six-month periods have passed, but the case remains unadjudicated.

7.) There are fundamental problems with the way in which Defendants are processing Ms. Sundaram's case. Plaintiff intends to seek discovery to confirm facts which appear to be in dispute. In response to Plaintiff's inquiries, Defendants assert that the case is undergoing "additional review," yet the application remains pending more than 6 years after it was filed. It is Plaintiff's belief that no action is taking place on her case, or that it has somehow fallen off the regular processing track, or that the physical file has been lost. It is not clear why this case has been pending for more than 6 years. Questions include whether or not Defendant USCIS is in physical possession of the paper file, when the security check process was started, how defendant USCIS checks to see if the process has been completed, whether there is a quality control process applicable to following up on long delayed cases.

12.) Plaintiff is aware that in similar previous cases, Defendants have asserted that it would somehow be unfair for them to take action on a specific long delayed case because other applicants were also waiting in line for adjudication. Plaintiff believes it is relevant to her situation to know how many other cases have been pending with Defendants for 72 months or longer. Defendant USCIS posts on its website that it is completing adjustment of status cases filed as of July 28, 2007. Plaintiff believes that Defendant USCIS is stating its true processing time as July of 2007 and therefore concludes that her long delayed case is exceptional and unique. For a reason unknown at this time, it appears that

Defendants are not actively processing her case and may not be conducting active follow-up in the adjudication of this matter. Thus, significant issues of fact may be in dispute in this case as Plaitiff maintains a reasonable belief that her case is being handled differently than other adjustment of status applicants who filed in 2002.

13.) Plaintiff is also aware that in similar previous cases, Defendants have asserted that concerns related to national security sometimes result in long process delays. While Plaintiff waits for the adjudication of her case, she continues to be physically present inside the U.S. Assuming arguendo that Plaintiff were a threat to the national security of the United States, a delay in her case would not make America safer because for the entirety of the process she would remain free to travel around the country. Contrary to what Defendants may assert, concerns regarding national security lean strongly in favor of completing the adjudication of pending applications as quickly as possible. Plaintiff believes that asserting national security as a concern is a pretext. Plaintiff intends to pursue discovery processes to ascertain the true reason why her case has not been able to be concluded within the last 72 months.

14.) Plaintiff asserts that Defendants have a duty to adjudicate this application within a reasonable period of time. They have failed to complete these duties for a period of more than 6 years. Id.

15.) Plaintiff has exhausted her administrative remedies.

16.) Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.

17.) Further, Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et. seq, are unlawfully withholding or unreasonably delaying action on Plaintiffs'

application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

18.) Plaintiff is suffering real and specific harm directly caused by Defendants' refusal to act. The harms suffered include, the significant financial burden incurred in renewing her employment authorization every year, severe restrictions on her ability to travel outside of the U.S., and a significant delay in the time that it may take her to become a U.S. citizen, which would allow her to vote in U.S. elections and to sponsor family members to come to the U.S. Plaintiff may consider amending her complaint in the future if the discovery process yields information understood to show that her case is intentionally being delayed for unlawful reasons, in contrast to a delay caused by apathy or an unintentional failure to complete assigned duties.

WHEREFORE, Plaintiff prays:

A. That the Defendants be ordered to have their agents process this case to a conclusion.

B. For reasonable attorney's fees, and

C. For such other and further relief as to this court may deem proper.

Dated: June 25, 2008

_____
Robert G. Nadalin
Attorney for Roshni Sundaram

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Roshni Sundaram

**DEFENDANTS**
Michael Chertoff, Secretary, Department of Homeland Security, Jonathan Scharfen, Acting Director, Citizenship and Immigration Services, Gerard Heinauer, Director, Nebraska Service Center, Citizenship and Immigration Services, Paul M. Pierre, District Director, San Diego, District, Citizenship and Immigration Services, Michael B. Mukasey, Attorney General of the United States, Robert S. Mueller, III, Director, Federal Bureau of Investigation

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert G. Nadalin, The Law Offices of Robert Nadalin
P.O. Box 124594 San Diego, CA 92112 Tel. 619-234-8875

Attorneys (If Known)

'08 CV 1131 DMS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC §1255(a), 28 USC § 1331, 28 USC § 1361

Brief description of cause:
Action in mandamus to compel administrative action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 6/24/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 152240  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

TAC 6/25/08

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 152240      - TC

         June 25, 2008
           08:36:38


         Civ Fil Non-Pris
USAO #.: 08CV1131
Judge..: DANA M SABRAW
Amount.:               $350.00 CK
Check#.: BC1155



         Total-> $350.00


FROM: ROSHNI SUNDARAM
      VS.
      MICHAEL CHERTOFF ET AL.
```